IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOUIS EDWARD SPEARMAN           § | |
| § | |
| Petitioner,           § | |
| § | |
| VS.           § | |
| § | NO. 3-06-CV-1086-D |
| NATHANIEL QUARTERMAN, Director           § | |
| Texas Department of Criminal Justice,           § | |
| Correctional Institutions Division           § | |
| § | |
| Respondent.           § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Louis Edward Spearman, appearing *pro se*, has filed an application for writ of habeas corpus and an application to proceed *in forma pauperis*. For the reasons stated herein, the habeas petition should be dismissed as successive and the motion to proceed *in forma pauperis* should be denied. In addition, petitioner should be sanctioned $100.00 for abuse of the judicial process.

I.

In 1995, petitioner was convicted of burglary of a building and sentenced to 25 years confinement. No appeal was taken. Instead, petitioner challenged his conviction and sentence in an application for writ of habeas corpus under 28 U.S.C. § 2254. The application was denied on the merits. *Spearman v. Johnson*, No. 3-97-CV-1382-G (N.D. Tex. May 11, 1998), *COA denied*, No. 98-10661 (5th Cir. Sept. 23, 1998). Two years later, petitioner filed a second habeas case in federal district court. That case was dismissed as successive. *Spearman v. Johnson*, No. 3-00-CV-0313-P

(N.D. Tex. Apr. 3, 2000). When petitioner sought a certificate of appealability, the Fifth Circuit denied the request as frivolous and sanctioned him $100.00. The court further ordered:

> Until such fine is paid, Spearman is BARRED from filing any further appeal, mandamus petition, motion to file a successive habeas corpus petition, or any other matter in this court without the advance, written permission of a judge of this court. Spearman is cautioned that, even after the fine is paid, filing any additional successive habeas corpus petitions will subject him to the possibility of sanctions if he fails to obtain this court's permission to file the successive petition.

*Spearman v. Johnson*, No. 00-10409 (5th Cir. Jul. 21, 2000). Undeterred by the $100.00 fine and the threat of further sanctions, petitioner filed two more habeas petitions in federal district court. Both cases were dismissed without prejudice because petitioner had not paid the $100.00 sanction or obtained prior authorization from the Fifth Circuit. *Spearman v. Dretke*, No. 3-05-CV-1471-P (N.D. Tex. Aug. 30, 2005); *Spearman v. Dretke*, No. 3-06-CV-0291-P (N.D. Tex. Mar. 27, 2006). Although petitioner still has not complied with the sanction order, he has filed another application for writ of habeas corpus in federal district court.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his

application in federal district court.  *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.  In fact, the court of appeals has twice denied petitioner authorization to file a successive federal writ.  *See In re Spearman*, No. 05-10692 (5th Cir. Jul. 8, 2005); *In re Spearman*, No. 06-10242 (5th Cir. May 9, 2006).  Petitioner cannot circumvent those orders and the AEDPA by filing this action in federal district court.

### III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such power is the authority to levy sanctions in response to abusive litigation practices.  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period."  *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).  Appropriate sanctions may include monetary penalties and restrictions on the ability to file *in forma pauperis* without leave of court.  *Id.* (citing cases).

The Fifth Circuit has already sanctioned petitioner $100.00 for filing a successive habeas petition without prior authorization.  As part of that order, petitioner was barred from seeking authorization to file a successive federal writ until he paid the sanction.  Petitioner also was warned that even after the sanction was paid, additional sanctions may be imposed if he attempted to file a successive habeas petition without the permission of the court of appeals.  In direct violation of that

order, petitioner has filed *three* more federal writs without paying the $100.00 sanction or obtaining authorization from the Fifth Circuit. This contumacious conduct warrants the imposition of additional sanctions.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals and his application to proceed *in forma pauperis* should be denied. In addition, petitioner should be sanctioned the additional sum of $100.00 and barred from filing any habeas actions in federal district court, either under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, until this sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   June 22, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE